UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SORALIZ CARTAGENA and
NELSON FIGUEROA, individually
And on behalf of their child,
J.F., a minor,

    Plaintiffs,

v.                                          Case No. 8:22-cv-0842-KKM-SPF

MARIA MARTINO-VILLANUEVA, M.D.;
KRYSTA FEE, CNM;
WOMEN'S CARE FLORIDA, LLC; and
SUNCOAST COMMUNITY HEALTH CENTERS, INC.

    Defendants.
_____/

## DEFENDANT UNITED STATES OF AMERICA'S
## MOTION TO DISMISS AND MEMORANDUM OF LAW

The United States of America[1] moves to dismiss Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs' claims against the United States are barred because they failed to file administrative claims with the appropriate federal agency within the time required by the Federal Tort Claims Act (FTCA). Plaintiff Cartagena's claim is barred because she filed her

---

[1] Earlier today, the United States moved to substitute for Suncoast Community Health Centers, Inc., and two of its providers who were named individually in this suit, Dr. Maria Martino-Villanueva and Krysta Fee, CNM. *See* Dkt. 5. For the purposes of this motion, the United States answers on behalf of Suncoast Community Health Centers, Inc., Dr. Martino-Villanueva, and Ms. Fee collectively. Defendant Women's Care Florida, LLC, is a non-federal entity and is not represented by the United States.

1

administrative claim after the two-year filing period had expired and she is not entitled to equitable tolling. Plaintiff Figueroa never filed an administrative claim. Because he failed to exhaust his administrative remedies, this Court lacks subject matter jurisdiction over his claim. The United States asks the Court to dismiss Plaintiffs' Complaint.

## BACKGROUND

Plaintiff Cartagena was a patient of Suncoast Community Health Centers, Inc., during her pregnancy in 2016-2017. Since 2016, Suncoast Community Health Center has been a federally supported health center within the Public Health Service for medical malpractice purposes under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n). Suncoast and its employees were deemed eligible for Federal Tort Claims Act malpractice coverage beginning January 1, 2016, and through the date when Plaintiffs' claims accrued.

At the end of her pregnancy and upon the recommendation of her Suncoast providers, Plaintiff Cartagena was induced to deliver her baby at Lakeland Regional Medical Center on March 7, 2017. Defendant Certified Nurse Midwife Krysta Fee supervised the induction and Plaintiff Cartagena's labor for Suncoast. During the labor, Ms. Fee requested assistance from Dr. Martino-Villanueva, a licensed obstetrician-gynecologist who worked for Suncoast Community Health Centers, Inc. part-time.

Plaintiffs allege that the baby was injured because her delivery was delayed based on alleged medical malpractice by Dr. Martino, Ms. Fee, and Suncoast

Community Health Centers, Inc. Plaintiff Cartagena initially pursued state-law remedies through The Florida Birth-Related Neurological Injury Compensation Association (NICA).

Plaintiff Cartagena, individually and on behalf of her minor child, filed a Standard Form 95 with the United States Department of Health and Human Services, which it received on April 20, 2020. A copy of the SF-95 is attached as Exhibit 1.[2] On September 8, 2020, the Department of Health and Human Services denied Plaintiff Cartagena's claim because it was received "more than two years after the date on which it accrued and is, thus, untimely under the FTCA." The denial letter is attached as Exhibit 2. On September 23, 2020, Plaintiff Cartagena requested that the Department of Health and Human Services reconsider the denial, arguing that the SF-95 was timely because the deadline had been extended by operation of Florida state law. Plaintiff Cartagena's Request for Reconsideration is attached as Exhibit 3. Plaintiff Nelson Figueroa, father of the minor child, never filed a Standard Form 95 or any other administrative claim, nor was he included in any filed by Plaintiff Cartagena.

On February 5, 2021, Plaintiffs Cartagena and Figueroa, individually and on behalf of their minor child, filed a complaint in Florida Circuit Court for the Tenth Judicial Circuit in and for Polk County against Defendants, Maria Martino-

---

[2] If a document is "(1) central to the plaintiff's claim and (2) undisputed," it is susceptible to consideration if attached to a motion to dismiss without the Court converting the motion to one for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, Plaintiff Cartagena's SF-95, the written denial of the claim, and Plaintiff Cartagena's request for reconsideration satisfy both requirements. The United States requests that the Court consider these documents without converting its motion to one for summary judgment.

Villanueva, M.D., Krysta Fee, CNM, Women's Care Florida, LLC, and Suncoast Community Health Centers, Inc. for medical malpractice. *See* Dkt. 1, Complaint. Plaintiffs allege that Dr. Martino-Villanueva, Ms. Fee, and Suncoast failed to properly manage Plaintiff Cartagena's delivery, causing J.F. to suffer a permanent injury. *Id*.

Because Dr. Martino, Ms. Fee, and Suncoast Community Health Center were deemed to be federal employees and were working within the scope of their employment at the time of the alleged injury, the United States removed this case to federal court on April 8, 2022. Dkt. 2, Notice of Removal. The United States moved to substitute itself in place of Dr. Martino, Ms. Fee, and Suncoast Community Health Center. *See* Dkt. 5.

## MEMORANDUM OF LAW

### A. The FTCA is a limited waiver of sovereign immunity requiring that an administrative claim be presented within two years.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, contains a limited waiver of the United States' sovereign immunity for certain tort claims. 28 U.S.C. § 2401(b) establishes the statutes of limitations as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (2010). This statute must be strictly construed. As the United States Supreme Court explained, the FTCA limitations provision "is the balance struck by Congress in the context of tort claims against the Government; and we are

4

not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). A claim is considered presented to the applicable agency when it receives a Standard Form 95 (SF-95) from the claimant or other written notification of an incident. 28 C.F.R. § 14.2. The two-year statute of limitations begins to run when the plaintiff is injured, but a medical malpractice claim "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his or] her injury and its connection with some act of the defendant." *Price v. United States*, 775 F.2d 1491, 1494 (11th Cir. 1985). "[A] medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both her injury and its connection with some act of the defendant." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 844 (11th Cir. 2013) quoting *Price,* 775 F.2d at 1494. Ignorance as to the alleged tortfeasor's employer does not toll the statute of limitations. *Jones v. United States*, 294 Fed. Appx. 476, 480 (11th Cir. 2008); *see also Ramos v. United States Dep't. of Health and Human Services*, 429 Fed. Appx. 947, 951 (11th Cir. 2011) (statute of limitations "does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee").

Applying the FTCA statute of limitations here, Plaintiffs' federal claims are forever barred. Plaintiff Cartagena delivered her child on March 7, 2017. *See* Exhibit 1. Both Plaintiffs were required to file administrative claims by March 7, 2019, to seek relief under the FTCA. Instead, Plaintiff filed on April 20, 2020, more than a year late. Plaintiff Figueroa has yet to file at all.

## B. The FTCA statute of limitations cannot be extended by state law.

Plaintiff Cartagena argues that the FTCA statute of limitations should be extended for the time she spent pursing state-law remedies through the Florida Birth-Related Neurological Injury Compensation Association (NICA) before she filed her SF-95. Plaintiffs argue that NICA tolls the statute of limitations under Florida law and should similarly toll the statute of limitations under federal law. Plaintiffs' argument is incorrect as explained below.

Federal courts have declined to extend the statute of limitations for FTCA claims due to Florida law and state law more generally. In *Ramos*, the plaintiff filed an administrative claim with the Department of Health and Human Services more than two years after her medical malpractice action had accrued. 429 Fed. Appx. at 949. Before she filed her federal administrative claim, plaintiff had filed for a 90-day extension of the Florida statute of limitations under Fla. Stat. § 766.104(2). *Id.* The Department of Health and Human Services denied the claim as time-barred then plaintiff filed suit in the Middle District of Florida. *Id.* The defendant moved to dismiss on statute of limitation grounds, and the plaintiff argued that the claim was timely because of the 90-day extension under state law. *Id.* at 949-950. Further, the plaintiff argued that equitable tolling should apply because the plaintiff was unaware that the defendant was a federally funded health center. *Id.* at 950. Ultimately, the trial court granted the defendant's motion to dismiss. *Id.* The Eleventh Circuit affirmed, observing that, "the limitations period is set by the FTCA, *see* 28 U.S.C.

§ 2401(b), and thus state law is not applicable." *Id.* at 952. The Eleventh Circuit also rejected Ramos's claim that the argument that she was entitled to equitable tolling because her counsel failed to diligently research the federally funded clinic at issue to determine that it was subject to the FTCA. *Id.*

In *Phillips v. United States*, 260 F.3d 1316, 1317-1318 (11th Cir. 2001), the plaintiff argued that while she filed her complaint more than six months after receiving a final administrative decision, it was nonetheless timely because of the Georgia renewal statute, which permits dismissed actions to be refiled within six months without regard to limitation. The Eleventh Circuit noted that generally, a court will only look to state law to define the statute of limitation that applies to a federal claim only when Congress has failed to establish a federal statute of limitations. *Id.* at 1318. The court did not extend the federal statute based on the Georgia law because, "[f]or claims brought under the FTCA, Congress has expressly stated the applicable limitation period." *Id.* citing 28 U.S.C. § 2401(b). The court affirmed the denial of the claim as untimely, reasoning that incorporating diverse state provisions into the FTCA would undermine the uniform application of the time limitation set by Congress. *Id.* at 1319.

The *Phillips* opinion cited a Fifth Circuit opinion *Mendiola v. United States*, 401 F.2d 695, 697 (5th Cir. 1968),[3] in which that court similarly rejected tolling the FTCA

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7

statute of limitations based on state law. The plaintiff had suffered personal injuries in 1963, then pursued a workers' compensation claim in state court, which would have tolled the statute of limitations for negligence under state law. *Id.* at 696-697. The plaintiff then filed an FTCA suit in 1967, arguing that his cause of action did not accrue until 1965, when the workers' compensation judgment was issued. The *Mendiola* court concluded that, under federal law, the plaintiff's claim had expired and the Texas tolling provision did not prevent the running of section 2401(b). *Id.* at 698.

Here, Plaintiff Cartagena filed her administrative claim more than three years after her cause of action accrued, and Plaintiff Figueroa never filed. As in *Ramos*, *Phillips*, and *Mendiola*, this Court should conclude Plaintiffs missed their two-year statute of limitations and that statute cannot be extended by state law. This Court should dismiss Plaintiffs' Complaint as time barred.

### C. Equitable tolling does not apply.

Plaintiffs do not qualify for equitable tolling. In *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), the United States Supreme Court held that the FTCA statute of limitations is not jurisdictional and may be subject to equitable tolling. The Court did not alter its prior holdings that federal law determines the statute of limitations for FTCA claims. Equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006). It is proper only where a plaintiff can show that he or she untimely filed because of "extraordinary circumstances that are both beyond his [or her] control

8

and unavoidable even with diligence." *Motta*, 717 F.3d at 846.

Plaintiff Cartagena's failure to timely file an administrative claim and Plaintiff Figueroa's failure to file one at all were not beyond their control, nor were these failures unavoidable even with diligence as required by *Motta*. The Department of Health and Human Services maintains a searchable database of federally funded health centers online that could have put Plaintiffs on notice of Suncoast's status at any time. *See* www.findahealthcenter.hrsa.gov; *see also Motta*, 717 F.3d at 847 (referring to DHHS online directory of federally deemed health centers at least as far back as 2013). Suncoast had no obligation to inform Plaintiffs of its status until it received a notice of intent to sue. *See Motta*, 717 F.3d at 847 (that health center did not notify claimant of funding status was immaterial to equitable tolling because center had no obligation to notify claimant until it received notice of intent to sue). The Eleventh Circuit reached the same result in *Ramos*, in which the claimant argued that the clinic should have notified her of its status in response to her 2005 request for medical records. *Ramos*, 429 Fed. Appx. at 951-952. The court concluded that the clinic had no obligation to notify the claimant of its status until it received her notice of intent to sue in 2007, at which time the clinic did notify the claimant that it was federally funded. *Id.* at 952. In that case, plaintiff's counsel had conceded that both the clinic's website and the government website listing federal clinics confirmed that the clinic was federally funded. *Id.* The *Ramos* court concluded that there was no evidence of fraudulent concealment by the government or clinic. *Id.* The court concluded that plaintiff's counsel had simply failed to diligently research the clinic

9

and could not shift the blame to the government by seeking equitable tolling. *Id.* at 952. The court affirmed the dismissal of the plaintiff's claim as time barred. *Id.*

Plaintiffs or their counsel could have used reasonable diligence to research Suncoast in publicly available databases, but they did not. Plaintiff Cartagena provided Suncoast notice of intent to sue in April 2020, more than three years after her cause of action accrued. In response, Suncoast promptly notified Plaintiff Cartagena of its status as a federally supported health center, and that Suncoast and its employees were within the FTCA. Plaintiffs' failure to notify Suncoast of their intent to sue earlier neither tolls their statute of limitations nor revives their claims which were already time-barred by April 2020. *See Ramos,* 429 Fed. Appx. at 951-952; *Chasteen v. United States*, 334 Fed. Appx. 271, at *4 (11th Cir. 2009) (affirming dismissal of claims as time barred when notice of intent to sue was not sent until after two-year period had expired).

### D. Plaintiffs could have timely pursued both federal and state remedies but did not.

To the extent Plaintiffs wanted to pursue remedies under both state law and the FTCA, they could have timely filed their federal claims then abated them while they pursued other remedies. For example, in *Maradiaga v. United States*, 679 F.3d 1286 (11th Cir. 2012), the plaintiffs had timely filed both FTCA claims *and* NICA claims. *Id.* at 1290. The district court invited the plaintiffs to address why their federal action should not be abated pending resolution of their NICA claim. *Id.* at 1291. The plaintiffs asked the court not to abate the action. *Id.* The court agreed not to abate the

10

action and dismissed the federal case. *Id.* Only in seeking relief from the dismissal did the plaintiffs ask that their federal action be abated pending NICA. *Id.* The Eleventh Circuit held that the plaintiffs had waived their request for an abatement because they had not raised it at the district court and affirmed the dismissal. *Id.* at 1293-94. If anything, *Maradiaga* suggests in *dicta* that birth injury plaintiffs may timely file FTCA claims and actions, then abate them at the district court pending NICA. *Id.*; *see also A.M. ex rel. Malcolm v. Bayfront HMA Medical Center, LLC,* No. 8:19-cv-2398-EAK-SPF, 2019 WL 4060392 (M.D. Fla. Aug. 28, 2019) (granting private parties' requests to abate claim pending NICA and abating FTCA claim *sua sponte* pending NICA). Neither *Maradiaga* nor *Malcolm* support Plaintiffs' argument that they were entitled or required to pursue NICA remedies before filing their SF-95 claims or entitled to an extension of time to file such claims.

**E. Plaintiff Figueroa failed to exhaust his administrative remedies.**

Plaintiff Figueroa has yet to file an SF-95 with the Department of Health and Human Services and has failed to exhaust his administrative remedies. Therefore, this Court lacks subject-matter jurisdiction over his claims. Before suing, a plaintiff must present an administrative claim to the pertinent federal agency. 28 U.S.C. § 2675(a). Section 14.2 of Title 28, Code of Federal Regulations, delineates the requirements for submitting an administrative claim. After filing a claim, the plaintiff must wait until either the agency denies the claim or at least six months after filing the claim. 28 U.S.C. § 2675(a). A federal court does not have "jurisdiction over a suit under the FTCA

11

unless the claimant first files an administrative claim with the appropriate agency ... within two years from the time the claim accrues ... accompanied by a claim for money damages in a sum certain." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006) citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)). In multi-claimant cases, "[t]he FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Dalrymple,* 460 F.3d at 1325. Thus, "in multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Id.* (citation omitted).

In *Turner v. United States*, 514 F.3d 1194, 1197-1198 (11th Cir. 2014), the Eleventh Circuit addressed the situation where an SF-95 claim had been filed on behalf of a minor child. Thereafter, the minor child and both his parents individually filed suit. *Id.* at 1198. At the time the suit was filed, six months had passed since the child's SF-95 had been filed, but six months had not passed since the parents' SF-95s had been filed. *Id.* The Eleventh Circuit held that because the parents' claims were not exhausted when they filed their complaint in district court, the district court lacked jurisdiction over the parents' claims. *Id.* at 1202. Here, the facts are different in that one parent filed an SF-95 albeit after the deadline, but the jurisdictional principle is the same: a plaintiff must exhaust his or her administrative remedies before filing suit in district court. Because Plaintiff Figueroa had not exhausted his administrative claim when he filed suit, this Court lacks jurisdiction over his claim and his Complaint should be dismissed.

## CONCLUSION

WHEREFORE, the United States requests that the Court dismiss Plaintiffs' Complaint due to both Plaintiffs' failure to comply with the FTCA's statute of limitations individually and on behalf of their minor child, and due to Plaintiff Figueroa's failure to exhaust his administrative remedies individually and on behalf of his minor child.

## LOCAL RULE 3.01(g) CERTIFICATION

Assistant United States Attorney Mamie V. Wise conferred with Plaintiffs' counsel Jonathan Gilbert, Esq., by email on April 14, 2022. Mr. Gilbert advised that his clients oppose the relief sought in this motion.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

By:    */s/ Mamie V. Wise*
    MAMIE V. WISE
    Assistant United States Attorney
    Florida Bar No. 65570
    400 North Tampa Street, Suite 3200
    Tampa, Florida 33602
    Telephone: 813-274-6000
    Facsimile: 813-274-6200
    E-mail: mamie.wise@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that on April 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve all registered users in this case.

*/s/Mamie V. Wise*
MAMIE V. WISE
Assistant United States Attorney
