UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SORALIZ CARTAGENA and
NELSON FIGUEROA, individually
and on behalf of their child,
J.F., a minor,

    Plaintiffs,

v.

MARIA MARTINO-VILLANUEVA, M.D.,
KRYSTA FEE, CNM, WOMEN'S CARE
FLORIDA, LLC, and SUNCOAST
COMMUNITY HEALTH CENTERS, INC.,

    Defendants.
_____/

Case No.: 8:22-cv-00842-KKM-SPF

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SUBSTITUTE

Plaintiffs, SORALIZ CARTAGENA and NELSON FIGUEROA, individually and on behalf of their child, J.F., a minor, hereby respond to and oppose the United States of America's Motion to Substitute as Defendant, and as good grounds state as follows:

1. The United States seeks to substitute as the Defendant in this action for current Defendants, MARIA MARTINO-VILLANUEVA, M.D. ("Dr. Martino"), KRYSTA FEE, CNM ("Midwife Fee"), and SUNCOAST COMMUNITY HEALTH CENTERS, INC. ("Suncoast"). *See* (Doc. 5.) It does not seek to substitute

for Defendant WOMEN'S CARE FLORIDA, LLC ("Women's Care"). Generally, under the Federal Tort Claims Act ("FTCA"), such substitution by the United States is permitted, though with certain exceptions.

2. In this particular case, Plaintiff asserts three bases for why the United States' Motion to Substitute must be denied. First, Plaintiff has filed a Motion to Remand, *see* (Doc. 18.), and until that motion is ruled upon, the United States should not be substituted for any of the Defendants. The claims against Dr. Martino may be remanded to state court, pending a ruling by this Court. As such, the United States must not be substituted as a party for that Defendant. As to this first basis, the motion is more appropriately denied without prejudice until the remand issue is resolved.

3. Second, Plaintiffs have moved to stay this matter and seek to enforce an arbitration agreement signed by some of the Parties to this case. S*ee* (Doc. 17.) If part or all of these claims are subject to arbitration, as asserted by Plaintiffs in said motion, it is not appropriate to substitute the United States of America for those Parties. As to this second basis, the motion is more appropriately denied without prejudice until the arbitration issue is resolved.

4. Third, the United States cannot substitute as a party for non-employees of the United States, such as Dr. Martino, nor for non-individual entities, such as

Women's Care and Suncoast. Pertaining to Dr. Martino, since the FTCA applies only to torts committed by federal employees, the FTCA provision shielding federal employees from personal tort liability does not protect nonemployees. *Creel v. United States*, 598 F.3d 210, 211–15 (5th Cir. 2010) (concluding that, because individual physician at Veterans Affairs Medical Center was an *independent contractor* rather than an *employee* of the federal government, plaintiff's medical malpractice claim against that surgeon could proceed); *see also Woodruff v. Covington*, 389 F.3d 1117, 1125 (10th Cir. 2004) (affirming denial of individual defendants' motion to dismiss the plaintiff's tort claims against them and to substitute the United States as the defendant on the ground that the individual defendants were "not 'federal employees'"). Indeed, the FTCA explicitly excludes independent contractors from the statutory definition of "employee." *See* 28 U.S.C. § 2671; *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 248 (4th Cir. 2018) ("An 'employee' does not include an 'independent contractor' working for the government.") (citing 28 U.S.C. § 2671; *U.S. v. Orleans*, 425 U.S. 807, 814 (1976)). The plaintiff must instead attempt to seek compensation from the contractor itself. *See, e.g.*, *Creel*, 598 F.3d at 211–15; *Ezekiel v. Michel*, 66 F.3d 894, 903–04 (7th Cir. 1995) (concluding if individual defendant was "an independent

contractor rather than federal employee," the plaintiff's case against the defendant could proceed).

5. In its original Motion to Substitute, the United States asserted that "at all times relevant to the complaint, Dr. Martino-Villaneuva … [was] an employee[] of Suncoast Community Health Centers, Inc." (Doc. ) Same is not accurate, nor is that what the exhibit cited to with that statement actually states. Instead, Dr. Martino seeks to enjoy protected status under the FTCA through the "deeming" process; yet, her employer is actually Women's Care, and we know that she provided services to Ms. Cartagena in that capacity. S*ee* (Doc. 18.) (Exhibits C and D).

6. Similarly, in its new Motion to Substitute, the United States asserts that "at the time Plaintiffs' medical malpractice claim arose, Dr. Martino-Villanueva . . . [was] working within the scope of [her] employment for [Defendant Suncoast]." *See* (Doc. 13; Doc. 1-3.) It is worth noting that the United States now acknowledges that "[i]n 2017, Dr. Martino-Villanueva separately worked for Defendant Women's Care Florida, LLC", *see* (Doc 13 n.2.), but goes on to state that "[Dr. Martino-Villanueva] was working in her federal capacity at the time of the Plaintiff Cartagena's delivery." *Id.* However, as previously stated in the previous paragraph, there is evidence that Dr. Martino-Villanueva's employer was actually Women's Care, and Dr. Martino-

Villanueva provided services to Plaintiff, Ms. Cartagena, in that capacity. S*ee* (Doc. 18.) (Exhibits C and D).

7. Courts have generally held that because physicians who provide medical services at facilities operated by the United States often operate relatively independently of the federal government's control, such physicians ordinarily qualify as "independent contractors, and not employees of the government for FTCA purposes." *Creel*, 598 F.3d at 212 (concluding that orthopedic surgeon who performed surgical procedure at Veterans Affairs Medical Center "was an independent contractor"). *Cf. Woodruff*, 389 F.3d at 1128 (holding that defendant physicians failed to prove they were federal employees for FTCA purposes). Although the Defendants have asserted that Dr. Martino has been "deemed" to be an "employee" under 42 U.S.C. § 233(g)-(n), the same is the subject of dispute, as detailed in the Plaintiffs' Motion for Remand, as there has been no production of either the original contract nor the contract encompassing the date of the incident at issue, among other reasons detailed in said motion. Thus, the United States of America's Motion to Substitute as Defendant, as it relates to Dr. Martino, must be denied.

8. In *Melo v. Hafer*, 13 F.3d 736, 747–48 (3d Cir. 1994), the Third Circuit held as follows:

> In summary, we hold that the Attorney General may file a certification under § 2679(d)(1) whenever he or she concludes that an employee defendant was acting within the scope of his or her employment at the relevant time or times. This may include cases in which the plaintiff alleges conduct which is beyond the scope of the defendant's employment, but which the Attorney General determines did not occur.
>
> The Attorney General's certification should state the basis for his or her conclusion. If this is done, the certification will focus the subsequent proceedings on the motion for substitution and the certification can be given the *prima facie* effect in those proceedings that Congress intended it to have.
>
> If the Attorney General's certification is based on a different understanding of the facts than is reflected in the complaint, the plaintiff should be permitted reasonable discovery and should then be called upon to come forward, as if responding to a motion for summary judgment, with competent evidence supporting the facts upon which he would predicate liability, as well as any other facts necessary to support a conclusion that the defendant acted beyond the scope of his employment. If the plaintiff fails to tender such evidence, the statute requires that substitution be ordered.
>
> If the plaintiff does come forward with competent evidence that would permit a conclusion contrary to that found in the certification, the defendant and the government, after discovery if desired, are entitled to an evidentiary hearing at which both sides will tender their evidence on all disputes material to the scope of employment issue. Thereafter, the district court will resolve all issues of fact or law relevant to that issue and will find that the defendant did or did not act within the scope of his or her employment. If the court's finding favors the defendant, substitution must be granted. If the court determines that the defendant

did not act within the scope of his or her employment, the case will proceed against the defendant employee.

9. As detailed in the *Melo* decision, discovery must be permitted on Dr. Martino's scope of involvement: Defendants must produce the complete set of contracts to determine the dispute of what the scope of Dr. Martino's work for Suncoast entailed and whether she somehow "took off her hat" as a Women's Care obstetrician (after acting as such prenatally) and "put on the hat" of a government employee (while still providing said care in a non-government hospital for the birth). The Court must allow limited discovery on Dr. Martino's involvement pertaining to her contract with Suncoast/the United States, how she was paid, what services were provided, and by whom she was paid related to the birth services. Until then, the Court cannot grant the United States' motion.

10. Moreover, as the *Melo* decision above states, "[th]e Attorney General's certification should state the basis for his or her conclusion." In this case, the Attorney General's certification fails to state a basis for the conclusion that Dr. Martino was covered under the Act as an employee of the covered entity, Defendant Suncoast. Instead, the Attorney General's certification only establishes that Defendant Suncoast was deemed a covered entity, but it fails to provide any

explanation on how Dr. Martino qualified as a "deemed" employee of Suncoast at the time of delivery.

11. As to the medical facility entities, the motion must be denied as they are non-individual Parties to this case. *Adams v. U.S.*, 420 F.3d 1049, 1055 (9th Cir. 2005) ("Corporate entities . . . are not eligible for immunity certification as government employees under the FTCA."). Thus, the motion must also be denied as to the non-individual Defendants, Women's Care and Suncoast.

WHEREFORE, for the three reasons provided above, the United States of America's Motion to Substitute as Defendant must be denied, at least at this point, by the Court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29, 2021, I filed this response using the CM/ECF system, which will serve a copy on all counsel of record.

                                  */s/ Jonathan T. Gilbert*
                                  **RONALD S. GILBERT, ESQ.**
                                  Florida Bar No.: 375421
                                  **JONATHAN T. GILBERT, ESQ.**
                                  Florida Bar No.: 0064829
                                  Colling Gilbert Wright & Carter, LLC
                                  801 N. Orange Avenue, Suite 830
                                  Orlando, Florida 32801
                                  Telephone: (407) 712-7300
                                  Facsimile: (407) 712-7301
                                  E-mail: rgilbert@thefloridafirm.com
                                  E-mail: jgilbert@thefloridafirm.com
                                  E-mail: certificateofservice@thefloridafirm.com
                                  *Attorneys for Plaintiffs*