UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SORALIZ CARTAGENA and
NELSON FIGUEROA, individually
and on behalf of their child, J.F., a minor,

    Plaintiffs,

v.                                                                      Case No: 8:22-cv-0842-KKM-SPF

MARIA MARTINO-VILLANUEVA,
M.D., KRYSTA FEE, CNM, WOMEN'S
CARE FLORIDA, LLC, and SUNCOAST
COMMUNITY HEALTH CENTERS, INC.,

    Defendants.
_____

# ORDER

Defendant Women's Care Florida, LLC, moves to strike Plaintiffs' references to the presuit screening process and NICA documents contained in their various filings. (Doc. 33; Doc. 34; Doc. 38; Doc. 39; Doc. 44; Doc. 45; Doc. 46; Doc. 47.) Plaintiffs oppose those motions. (Doc. 50.) Because the Plaintiffs' references alone—absent an improper request for discovery or presumption of admission at trial—do not violate Florida law, the motions to strike are denied.

Motions to strike are a "drastic remedy" and are "disfavored by the courts." *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012) (Kovachevich, J.); *accord*

1

*Belmer v. Ezpawn Fla., Inc.*, No. 8:20-cv-1470, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (Covington, J.) (noting that a court has "broad discretion" to rule on a motion to strike but emphasizing that such motions are "drastic" and are often considered "time wasters").

As Women's Care repeatedly notes, Florida law contains confidentiality protections surrounding work product generated during the presuit screening process. *See* § 766.205(4), Fla. Stat. ("No statement, discussion, written document, report, or other work product generated solely by the Presuit investigation is discoverable or admissible in any civil action for any purpose by the opposing party."). But the statute's language prohibits only formal discovery of work product generated solely by the presuit investigation process, *see, e.g., Variety Children's Hosp. v. Boice*, 27 So. 3d 788, 790 (Fla. 3d DCA 2010) (preventing the "formal discovery" of presuit materials), and attempts to introduce presuit materials at trial, *see, e.g., Cohen v. Dauphinee*, 739 So. 2d 68, 72 (Fla. 1999). The authority Women's Care cites to support its motions underscores this point. *See Grimshaw v. Schwegel*, 572 So. 2d 12, 13 (Fla. 2d DCA 1990) (holding privilege applied where the opposite party sought to "discover" privileged work product that the other party's expert relied on during a deposition). The Court is aware of no Florida authority to support extending the presuit privilege to cover mere references to the process

2

in court filings where, like here, no party is seeking formal discovery or permission to admit covered presuit materials.

Accordingly, Defendant Women's Care's Motions to Strike (Doc. 33; Doc. 34; Doc. 38; Doc. 39; Doc. 44; Doc. 45; Doc. 46; Doc. 47) are **DENIED**.

**ORDERED** in Tampa, Florida, on June 7, 2022.

Kathryn Kimball Mizelle
United States District Judge